[No. 11170.    Department Two. — January 27, 1886.]

## J. S. MANASSE ET AL., APPELLANTS, v. LAZARUS DINKELSPIEL ET AL., RESPONDENTS.

DEED — WHEN A MORTGAGE — SATISFACTION OF PRE-EXISTING DEBT. — The action was brought to have a deed absolute on its face declared a mortgage. Prior to the execution of the deed, the plaintiffs were indebted to the defendants in the sum of eighteen hundred dollars, and the deed was given in satisfaction of such indebtedness. At the time of its execution, the plaintiffs gave the defendants their note for five hundred dollars, under an agreement that if the proceeds of the land conveyed did not amount to eighteen hundred dollars and interest, then the note should be paid, but not otherwise; and if the proceeds amounted to more than that sum, or if after that sum was realized any land remained, the surplus of land or money should belong to the plaintiffs. *Held*, that the deed was not intended as a mortgage.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*M. A. Luce, N. H. Conklin,* and *Works & Titus,* for Appellants.

The deed was intended as security, and was therefore a mortgage. (Civ. Code, secs. 2920, 2924, 2925; *Stevens* v. *Allen,* 11 Or. 188; *Montgomery* v. *Spect,* 55 Cal. 352; *Hickox* v. *Lowe,* 10 Cal. 197; *Mabury* v. *Ruiz,* 58 Cal. 11; *Sears* v. *Dixon,* 33 Cal. 326; *Davis* v. *Stonestreet,* 4 Ind. 101; 3 Pomeroy's Eq. Jur., sec. 1192.)

*Levi Chase, W. J. Hunsaker,* and *Jarboe & Harrison,* for Respondents.

The deed was not intended as a mortgage. (*Henley* v. *Hotaling,* 41 Cal. 28; *Farmer* v. *Grose,* 42 Cal. 173.)

FOOTE, C.—This action was instituted by the plaintiffs to have a deed (which upon its face appears absolute as such and was executed by them to the defendants) declared to be in reality a mortgage to secure a certain indebtedness, amounting to the sum of eighteen hundred dollars. It was also alleged by them that it was agreed by all the parties in interest at the time of the execution of that instrument, that it should be deemed and held as a mortgage only, and that the grantees thereunder should sell so much of the property conveyed as might be necessary to satisfy the indebtedness it secured, and then must reconvey to plaintiffs such property as had not been sold. That since the date of the execution of said deed, the defendants had disposed of more than enough of said property to fully satisfy all of said indebtedness, and still retain possession of a large portion thereof, and refuse to reconvey it to plaintiffs.

In addition to the prayer that the instrument in question be declared a mortgage, it is sought to compel defendants to pay the plaintiffs the surplus of money above the eighteen hundred dollars and interest received by them from the sales of land and a reconveyance of the part remaining unsold.

The defendants deny all the material allegations of the complaint, and allege that at the time the deed was executed the plaintiffs were indebted to them in the sum of eighteen hundred dollars, which they were then attempting to collect by a civil action; that thereafter an arrangement by way of compromise was entered into between the parties thereto, whereby the deed was made in satisfaction and payment of the said debt, which instrument was to be held by defendants as a conveyance of the said lands in fee-simple, and not as a mortgage or for security of any kind or for any purpose.

The court made its findings of fact and conclusions of law based thereon, and gave judgment for the defendants. The findings are assailed by the appellants as not being sufficient to support the judgment. We have carefully examined them, and are fully satisfied that they do support the judgment.

The trial court found substantially that the agreement of the parties was oral; that it went to this extent only, viz., that the eighteen-hundred-dollar debt was fully paid, and satisfied by the execution of the deed, and was so intended to be; that to make it certain that the defendants would realize that amount and interest, there being at that time some uncertainty as to whether the lands conveyed would, when sold, realize so much, the defendants demanded and received from the plaintiffs a note for five hundred dollars, which was to be paid if the land did not realize sufficient to fully make up the sum of eighteen hundred dollars and interest, but not otherwise; that if the proceeds of the sales of the lands did more than realize that amount, or after that any land remained, said surplus of land or money should belong to plaintiffs.

The following has been said by this court in reference to the distinctive features which characterize a mortgage in the case of *Henley* v. *Hotaling*, 41 Cal. 28:—

"There is one fact which is indispensable for this pur-

pose. A mortgage is a security for the performance of an agreement, which is usually to pay a sum of money. Leaving out of view other agreements than those for the payment of money, it is essential that there be an agreement, either expressed or implied, on the part of the mortgagor, or some one in whose behalf he executes the mortgage, to pay to the mortgagee a sum of money. If there is no debt, there is no mortgage."

The court found that by the agreement that led up to the deed, and by the execution thereof, the eighteen-hundred-dollar debt and interest was to be satisfied and paid; that it no longer existed. That the five-hundred-dollar note, as a separate contract, was made merely to make certain the full realization of the eighteen hundred dollars and interest, if the land conveyed should not when sold realize that sum.

The oral agreement did not constitute the deed a mortgage, as the indebtedness of eighteen hundred dollars it was intended to pay was thereby paid and satisfied, and not merely secured to be paid.

The judgment should be affirmed.

Belcher, C. C., and Searls, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.